**Appeal Dismissed and Memorandum Opinion filed August 6, 2026.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00060-CV

**MARVIN GLENN BERRY AND BONNIE BERRY AS SUCCESSOR IN INTEREST TO DENNIS WAYNE BERRY, Appellants**

V.

**ALBERT THEODORE POWERS AND ALLIED PORTS LLC, Appellees**

**On Appeal from the Business Court Division 11A**
**Harris County, Texas**
**Trial Court Cause No. 24-BC11A-0025**

## MEMORANDUM OPINION

Appellants have appealed from the Business Court's April 2, 2025 temporary injunction. On June 30, 2026, the Business Court signed a final judgment that, among other things, made declarations in favor of Appellees regarding the ownership and management rights they claim in the project but denied their request for a permanent injunction.

A final judgment normally renders moot a pending interlocutory appeal from

an order on a temporary injunction.[1] "When a case becomes moot on appeal, a court must vacate any previously issued order or judgment associated with it."[2]

On July 22, 2026, this Court notified the parties that the appeal was subject to dismissal because the Business Court's final judgment renders this interlocutory appeal moot.[3] Neither side filed a response to the notice. Because this interlocutory appeal is moot, and because mootness defeats this Court's subject-matter jurisdiction,[4] we must dismiss both this appeal and Appellees' Motion for Referral under Rule 29.4.

Accordingly, we vacate the trial court's order granting the temporary injunction and dismiss this appeal for want of jurisdiction.

PER CURIAM

Before Chief Justice Brister and Justices Field and Farris.

---

[1] *See Bienati v. Cloister Holdings, LLC*, 691 S.W.3d 493, 497 (Tex. 2024); *Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 236 (Tex. 1991).

[2] *Tex. Dep't of Fam. & Protective Servs. v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022).

[3] *See* TEX. R. APP. P. 42.3(a).

[4] *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).